Tim J. Larson, Counsel City of Hesston 7570 W. 21st Street Building 1026, Suite C Wichita, Kansas 67205
Dear Mr. Larson:
As attorney for the City of Hesston, you inquire whether the Director of Alcoholic Beverage Control (Director) can issue a retailer's license to sell, at retail, alcoholic liquor in the original package on premises within the corporate limits of a city if a city governing body enacts an ordinance repealing a previous ordinance prohibiting such licenses.
You advise that the City of Hesston has always been "dry"[1] by virtue of the electorate's decision in November of 1948 to reject the amendment to Article 15, Section 10 of the Kansas Constitution authorizing the legislature to regulate intoxicating liquors. By rejecting the amendment, the electorate, in essence, affirmed the intent expressed in the original Section 10 prohibiting "forever" the manufacture and sale of intoxicating liquors . . . except for medical, scientific and mechanical purposes.[2]
Had the electorate wanted to change its "dry" status to "wet," the only method available, prior to November 15, 2005, would have been to petition the city governing body for an election pursuant to K.S.A.41-301[3] and 41-302.[4] In short, prior to November 15, 2005, the governing body could not have initiated a change from "dry" to "wet" status by enacting an ordinance allowing the licensing of the sale, at retail, of alcoholic liquor in the original package within the city.
During the 2005 legislative session, the laws regulating packaged liquor sales were amended to require cities to take affirmative action to prohibit packaged liquor sales regardless whether the city was previously "dry" or "wet." In the absence of such action, a city would, on February 15, 2006, become "wet."[5] The provision, in question — K.S.A. 2006 Supp. 41-301 — provides, in part:
 "(a) Except as provided by subsection (b), the director shall issue to qualified applicants . . . licenses to sell at retail alcoholic liquor in the original package on premises within the corporate limits of cities and outside the corporate limits of any city.
 "(b) No retailer's license shall be issued within a city if the governing body of such city, on or before February 15, 2006, adopts an ordinance prohibiting the licensing of the sale at retail of alcoholic liquor in the original package within such city. Upon adoption of such ordinance, the city clerk promptly shall transmit a copy of such ordinance to the director and the director shall refuse to issue licenses to sell at retail alcoholic liquor in the original package in such city.
 "(c) No retailer's license shall be issued for premises within a city if, after November 15, 2005, a majority of the qualified voters of such city voting at an election held as provided by K.S.A. 41-302 . . . votes against the licensing of the sale at retail of alcoholic liquor in the original package within such city unless, at a subsequent election, a majority of the qualified voters of such city voting at such election votes in favor of the licensing of the sale at retail of alcoholic liquor in the original package within such city." [6]
You indicate that, on October 10, 2005, the City enacted an ordinance prohibiting retail sales of packaged alcoholic liquor. Presumably, in accordance with K.S.A. 41-301(b), the city clerk transmitted a copy of the ordinance to the Director which then precluded him from issuing any licenses to sell packaged alcoholic liquor within the city limits of the City of Hesston. Your inquiry is whether the city can now become "wet" by virtue of an ordinance repealing the October 10 ordinance. The answer is "no."
There is no provision allowing the Director to issue licenses upon receipt of a copy of an ordinance repealing an ordinance adopted pursuant to K.S.A. 2006 Supp. 41-301(b). Moreover, it is our opinion that any repealing ordinance whose intended effect is to turn a "dry" city into a "wet" city without the involvement of the electorate would conflict with K.S.A. 2006 Supp. 41-301 and, therefore, would be null and void.[7]
Should the citizens of the City of Hesston want to change the status of their city from "dry" to "wet," they can do so only by following the procedures in K.S.A. 2006 Supp. 41-302 which requires a petition and election:
 "(a) The question of licensing the sale at retail of alcoholic liquor in the original package shall be submitted by the governing body of a city at any regular general city election occurring in such city whenever a petition requesting such submission has been filed with the city clerk of any such city as provided in this section. Such petition shall be signed by qualified voters of such city equal in number to not less than 30% of the total vote cast in such city at the last general election for the office of secretary of state. [S]uch petition shall be filed not less than 40 nor more than 60 days prior to the date of the election.
 . . . .
 "(b) Upon the filing of a sufficient petition, the governing body shall call an election required by this section. Such election shall be called and held in the manner provided by law for question-submitted elections.
 "(c) The governing body of the city shall transmit to the director of copy of the results of an election held pursuant to this section. The director shall issue or refuse to issue licenses to sell at retail alcoholic liquor in the original package in such city in accordance with the results of such election.
 "(d) If a majority of the voters at any election pursuant to this section votes against licensing the sale at retail of alcoholic liquor in the original package, the holder of any valid existing retailer's license for premises in such city shall have the right to continue to operate under such license for a period of 90 days after the result of such election is canvassed or until the expiration of such license, whichever period of time is shorter. If such period of time expires before the expiration of the term for which the retailer's license was issued, the licensee shall be entitled to a refund of the licensee fee for the unexpired portion of the license period which remains, in accordance with rules and regulations adopted by the secretary of revenue."
 [8]
Summarizing, there is no provision in the Kansas Liquor Control Act allowing the Director of Alcoholic Beverage Control to issue a license to sell, at retail, packaged alcoholic liquor upon receipt of a copy of an ordinance repealing an earlier ordinance prohibiting such licenses. Moreover, any such ordinance would conflict with the Kansas Liquor Control Act and, thus, would be void. Should the electorate of the City of Hesston want to change the status of their city from "dry" to "wet," it can do so only by following the petition and election procedure in K.S.A. 2006 Supp. 41-302.
Sincerely,
Paul J. Morrison Attorney General
Mary Feighny Deputy Attorney General
[1] A dry city is one that never voted in favor of allowing liquor stores in the city. Jacquot, More on Alcohol and Other CurrentTopics, 91 Kansas Government Journal 362 (Dec. 2005).
[2] L. 1879, Ch. 165, Sec. 1.
[3] L. 1949, Ch. 242, Sec. 17. Repealed L. 2005, Ch. 201.
[4] L. 1998, Ch. 191, Sec. 2. Repealed L. 2005, Ch. 201.
[5] Jacquot, New Alcoholic Liquor and CMB Laws, 91 Kansas Government Journal 176, 177 (June 2005); Jacquot, More on Alcohol and Other CurrentTopics, 91 Kansas Government Journal 362 (Dec. 2005).
[6] Emphasis added.
[7] K.S.A. 2006 Supp. 41-208. See also K.S.A. 41-721("any license to sell alcoholic liquor at retail within the limits of any city of this state, while the prohibition against such sales, arising under K.S.A.41-301 and 41-302, or otherwise as provided in [the liquor control] act,is in effect; and if any such license be granted or issued in violationhereof the same shall be void. . .) Emphasis added.
[8] Emphasis added. See Jacquot, New Alcoholic Liquor and CMBLaws, 91 Kansas Government Journal 176, 177 (June 2005) ("After February 15, 2006, cities would need to receive a petition for an election to change the status of packaged liquor sales in the city. It would not be able to be done by ordinance.")